**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**COTRELL THOMAS**                                                                        **PLAINTIFF**

**V.**                                                                        **CAUSE NO. 4:25-CV-00190-JMV**

**JAQUELINE MORGAN**                                                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* prisoner complaint of Cotrell Thomas, who challenges the conditions of his confinement under 42 U.S.C.§ 1983. Upon due consideration of his allegations and the applicable authority, the Court finds that Thomas' claims should be dismissed for failure to state a claim upon which relief can be granted.

**Screening Standards**

Because Thomas has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a

---

[1]*See* Doc. # 7.
[2]*See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Plaintiff's Allegations and Procedural History

Thomas, an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), is currently housed at the Central Mississippi Correctional Facility, located in Pearl, Mississippi. Doc. #8. In the instant matter, Thomas complains generally about the grievance procedure applicable to all MDOC facilities and applicable to him when formerly housed at the Mississippi State Penitentiary located in Parchman, Mississippi. Doc. # 1 at 5-7. Thomas evidently filed a complaint through MDOC's Administrative Remedy Program ("ARP") challenging the program itself and takes issue with the response received in which his complaint was rejected as "beyond the power of ARP to grant." *Id.*; *see also* Doc. # 1-2.

Thomas names MSP/MDOC's "Administrative Remedy Program Employee" Jacqueline Morgan as the sole Defendant in this action. Doc. # 1 at 2  By way of relief, Thomas  seeks injunctive relief in the form of expungement of his Rule Violation Report history under the ARP and to be reimbursed for costs incurred in prosecuting this action. *Id.* at 8. On March 2, 2026, the Court entered an Order directing Thomas to show cause why his claims should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. # 9. Thomas submitted a response to the Court's show cause order on March 24, 2026. Doc. # 10.

### Discussion

Thomas *seemingly* complains about the applicability and enforcement of MDOC's ARP (grievance procedure). Thomas *appears* to take issue with Rule Violation Reports issued to him under the ARP. Attached as an exhibit is an ARP complaint filed by Thomas in which he generally laments MDOC policy and procedure and now protests (in the instant complaint) the response

given, i.e. rejected as beyond the power of ARP to grant. *See* Doc. #s 1-2, 1-5. The Court understands Thomas' dissatisfaction with MDOC grievance procedure, but such dissatisfaction does not rise to the level of a constitutional violation.

Prisoners possess no constitutional right to the existence of a grievance procedure, nor do they have a due process liberty interest in having a grievance resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Guillory v. Hodge*, No. 2:14-cv-156-MTP, 2015 WL 1968636, at *1 (S.D. Miss. Apr. 30, 2015); *see also Lijadu v. I.N.S.*, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("Detainees 'do not have a constitutionally protected right to a grievance procedure'—much less one that complies with their own personal preferences."). Moreover, even assuming, *arguendo*, that MDOC/MSP officials did violate MDOC policy and procedures in handling Thomas' ARP grievance, such conduct does not rise to the level of a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation); *see also Scheidel v. Sec'y of Pub. Safety & Corr.*, 561 F. App'x 426, 427 (5th Cir. 2014) (citations omitted).

For these reasons, Thomas' allegations regarding his use of MDOC's grievance procedure fail to state an actionable claim under §1983. Additionally, Thomas' claim against Morgan fails because a § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007). Thus, Thomas has failed to state a claim upon which relief can be granted.

## <u>Conclusion</u>

Based on the foregoing discussion, the Court finds that Thomas has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be

3

**DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Thomas is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

      **SO ORDERED**, this the 24th day of March, 2026.

/s/ Jane Virden
UNITED STATES MAGISTRATE JUDGE

4